**CIVIL MINUTES – GENERAL**     **'O'    JS-6**

| Case No. | 5:17-cv-00949-CAS(AJWx) | Date | June 28, 2017 |
|---|---|---|---|
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS NATIONSTAR MORTGAGE LLC, AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS (Dkt. 11, filed June 6, 2017)

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS (Dkt. 16, filed June 6, 2017)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of July 10, 2017 is vacated, and the matters are hereby taken under submission.

On May 15, 2017, plaintiff Martin Pearson filed this action against defendants U.S. Bank National Association, as trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1 ("U.S. Bank"); First American Title Insurance Company ("First American"); and Nationstar Mortgage, LLC ("Nationstar"). Dkt. 1 ("Compl."). Plaintiff, proceeding pro se, asserts claims for violation of the Fair Debt Collection Practices Act, cancellation of instruments, and violation of California Business & Professions Code §§ 17200 et seq. ("UCL"). Id.

On June 6, 2017, Nationstar and U.S. Bank, and First American filed motions to dismiss plaintiff's complaint. Dkts. 11, 16. Plaintiff has not filed oppositions (due on June 19, 2017), and defendants have not filed replies (due on June 26, 2017).

At bottom, plaintiff contests the validity of nonjudicial foreclosure proceedings against the property located at 1168 Deborah Street, Upland, CA ("Subject Property"). This is not the first time that plaintiff has brought a similar action against Nationstar, U.S. Bank, and related entities.

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 5:17-cv-00949-CAS(AJWx) | Date | June 28, 2017 |
|---|---|---|---|
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

On February 5, 2014, plaintiff filed an adversary proceeding complaint in U.S. Bankruptcy Court against Nationstar and U.S. Bank National Association as Trustee for Greenpoint Mortgage Funding Trust. Plaintiff asserted causes of action for declaratory relief, negligence, quasi contract, violation of 15 U.S.C. § 1692 et seq., violation of 12 U.S.C. § 2605, violation of the UCL, violation of the California Homeowner's Bill of Rights ("HBOR"), and accounting. On April 22, 2014, the Bankruptcy Court declined to exercise jurisdiction over plaintiff's claims.[1]

On April 25, 2014, plaintiff filed an action in San Bernardino Superior Court against Nationstar ("the State Court Action"). In his state court complaint, plaintiff asserted two causes of action for quiet title pursuant to California Civil Code § 760.020 and violation of the HBOR. Each of these causes of action challenged Nationstar's right to foreclose on the subject property. On August 15, 2014, plaintiff filed a First Amended Complaint ("FAC") in the State Court Action alleging the same causes of action as his original complaint. On September 12, 2014, Nationstar filed a demurrer to plaintiff's FAC, and on April 23, 2015, the demurrer was heard and sustained without leave to amend. On May 1, 2015, judgment was entered against plaintiff and in favor of Nationstar. On June 11, 2015, the State Court Action was dismissed with prejudice. Plaintiff did not timely appeal the dismissal of the State Court Action.[2]

On May 24, 2016 plaintiff filed an action (the "2016 Action") against Nationstar and Greenpoint Mortgage Funding in this Court, challenging Nationstar's right to foreclose on the Subject Property. See Pearson I, dkt. 1. On July 18, 2016, the Court dismissed with prejudice plaintiff's May 24, 2016 complaint as against Nationstar pursuant to the doctrine of res judicata. Pearson I, 2016 WL 3922626, at *5. The Court found that, in both the State Court and 2016 Actions, "plaintiff allege[d] that Nationstar lack[ed] the ability to enforce any interest under his Deed of Trust and thereby foreclose on the Subject Property" and both actions "raise[d] virtually the same facts, cite[d] and append[ed] the same mortgage documents, and involve[d] the same property." Id. On September 26, 2016, the Court denied plaintiff's motion for default judgment against Greenpoint because res judicata also barred plaintiff's claims against Greenpoint, which

---

[1] These facts are set forth in the Court's prior order in Pearson v. Nationstar Mortg., LLC, No. 5:16-cv-01079-CAS-AJW, 2016 WL 5496268, at *2 (C.D. Cal. Sept. 26, 2016) ("Pearson I"), pursuant to judicially noticeable records.

[2] These facts are set forth in Pearson I, 2016 WL 5496268, at *3.

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| Case No. | 5:17-cv-00949-CAS(AJWx) | Date | June 28, 2017 |
|----------|-------------------------|------|---------------|
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. |

could have been raised in the State Court Action. Pearson I, 2016 WL 5496268, at *3. The Court thus dismissed plaintiff's claims against Greenpoint with prejudice. Id. at *6.

Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (holding that the district court did not abuse its discretion by granting an unopposed motion to dismiss under the local rule because the pro se litigant's failure to oppose constituted consent to granting the motion); Holt v. IRS, 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same, and rejecting the pro se litigant's contention that the district court should have warned her of the consequences of failing to file an opposition). Accordingly, plaintiff's failure to file oppositions to the instant motions provides independent grounds for granting the defendants' motions to dismiss.

In addition, the Court again finds that plaintiff's claims are barred by the doctrine of res judicata. "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (quotation marks omitted). "The res judicata effect of a state court judgment is governed by the laws of the state in which the court is located." McGinest v. GTE Service Corp., 247 Fed. App'x. 72, 74 (9th Cir. 2007); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that state would give.") (quotation marks omitted). California courts apply res judicata when "[(1)] the claim relates to the same 'primary right' as a claim in a prior action, [(2)] the prior judgment was final and on the merits, and [(3)] the plaintiff was a party or in privity with a party in the prior action." Trujillo v. Santa Clara County, 775 F.2d 1359, 1366 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975)).

"[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (citations omitted). As in the State Court Action *and* the 2016 Action, plaintiff again alleges that defendants lack the ability to enforce any interest under his Deed of Trust and thereby foreclose on the Subject Property. Compl. at 20. Moreover, both the State Court

| | **CIVIL MINUTES – GENERAL** | | **'O'    JS-6** |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJWx) | Date | June 28, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

Action, the 2016 Action, and the instant action raise virtually the same facts, cite and append the same mortgage documents, and involve the same property. Accordingly, plaintiff's prior action and the instant action are derived from the same primary right. See Rodriguez v. Bank of New York, No. 13-cv-1830-GPC-BLM , 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014) ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right.").

The other two elements of res judicata are also satisfied. The State Court Action resulted in a final judgment dismissing the action with prejudice and the time to appeal has expired. See dkt. 13, Request for Judicial Notice ("RJN"), Exs. 10, 12–13. Both the instant action and the prior state action named Nationstar as a defendant. RJN, Ex. 10. While U.S. Bank and First American were not named in the State Court Action, that does not preclude the application of res judicata to plaintiff's claims against them. Plaintiff's claims against U.S. Bank and First American "*could have been raised*" in the State Court Action. Stewart, 297 F.3d at 956. Furthermore, defendants are in privity. Privity may be established by "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights." Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (1998); see also Armstrong v. Armstrong, 544 P.2d 941, 946 (Cal. 1976) ("[P]rivity exists where the person involved is . . . so identified in interest with another that he represents the same legal right.") (quotation marks omitted). Nationstar, U.S. Bank, and First American are in a mutual relationship with respect to the Subject Property because they received sequential assignments of the Deed of Trust ("DOT") for the Subject Property, see RJN, Exs. 1, 2, 5, 7, and their respective interests in the DOT and Subject Property form the basis of this action. See Janson v. Deutsche Bank National Trust Co., 2015 WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015) (privity requirement satisfied where "Plaintiff [sued] all of the Defendants because of their relationship to his mortgage"); O'Connor v. Nationstar Mortgage, LLC, 2014 WL 1779338, at *8 ("Nationstar obtained an assignment of the deed of trust to the property from Aurora, which was a named defendant in the state court action . . . Nationstar is, therefore, in privity with Aurora for the purposes of res judicata."); Zbitnoff v. Nationstar Deed of Trust, No. 16-cv-04237-WHA, 2016 WL 6650080, at *3 (N.D. Cal. Nov. 10, 2016) (finding that entities that received interest in the property by assignments of deed of trust from the lender were adequately in privity to trigger res judicata).

**CIVIL MINUTES – GENERAL**     **'O'**   **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJWx) | Date | June 28, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

Because all three elements of res judicata are satisfied, plaintiff fails to state a claim against defendants on which relief may be granted. Accordingly, the Court **GRANTS** defendants' motions and **DISMISSES** plaintiff's complaint with prejudice. The Court admonishes plaintiff that his filing of a subsequent complaint predicated on the same facts and issues may result in the Court deeming him a vexatious litigant.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |