UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                           Robert Im

**Proceedings:**    PLAINTIFF MARTIN PEARSON'S MOTION TO VACATE JUDGMENT OF DISMISSAL (Dkt. 26, filed June 30, 2017)

DEFENDANTS NATIONSTAR MORTGAGE LLC, AND U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR ATTORNEYS' FEES (Dkt. 28, filed July 10, 2017)

## I. INTRODUCTION & BACKGROUND

On December 21, 2006, plaintiff Martin Pearson and his wife obtained a loan in the amount of $601,600, by executing a promissory note ("Note") secured by a Deed of Trust ("DOT"), which was recorded against the real property located at 1168 Deborah Street, Upland CA 91784 ("Subject Property"). Dkt. 29, Request for Judicial Notice ("RJN"), Exs. 1, 9.[1] The DOT named Mortgage Electronic Registration Systems, Inc.

---

[1] Nationstar and U.S. Bank filed a request for judicial notice of, inter alia, the DOT, the Note, and other recorded notices connected to the Subject Property. See RJN. Although plaintiff opposes this request, dkt. 34, the Court grants Nationstar and U.S. Bank's request for judicial notice because these documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these types of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 5:09-cv-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No. 3:10-cv-04427-CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

("MERS") as the beneficiary under the DOT and the nominee for lender and lender's successors and assigns. Id., Ex. 1 at 2.

On or about August 1, 2012, plaintiff defaulted on the loan. Id., Ex. 4 at 2. In March 2013, the beneficial interest under the DOT was transferred by MERS to Nationstar Mortgage, LLC ("Nationstar"). Id., Ex. 2. On April 4, 2013, an instrument was recorded reflecting Nationstar's substitution of Cal-Western Reconveyance as Trustee under the DOT. Id., Ex. 3. On May 2, 2013, after plaintiff failed to make payments on his loan, a Notice of Default was recorded against the Subject Property. Id., Ex. 4.

On February 17, 2016, an instrument was recorded reflecting Nationstar's substitution of First American Title Insurance Company ("First American") as Trustee under the DOT. Id., Ex. 5. On May 6, 2016, because plaintiff had failed to cure the default on the loan, a Notice of Trustee's Sale was recorded against the Subject Property. Id., Ex. 6.

On September 28, 2016, an instrument was recorded reflecting Nationstar's substitution of U.S. Bank National Association ("U.S. Bank") as Trustee under the DOT. Id., Ex. 7.

On May 22, 2017, the foreclosure sale of the Subject Property occurred. Id., Ex. 8. On May 25, 2017, a Trustees Deed Upon Sale was recorded against the Subject Property, reflecting the foreclosure sale and conveyance of the property to U.S. Bank. Id.

Shortly before the foreclosure sale, on May 15, 2017, plaintiff filed this action against defendants U.S. Bank, as trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1; First American; and Nationstar. Dkt. 1 ("Compl."). Plaintiff, proceeding pro se, asserts claims for violation of the Fair Debt Collection Practices Act, cancellation of instruments, and violation of California Business & Professions Code §§ 17200 et seq. ("UCL"). Id. At bottom, plaintiff contests the validity of nonjudicial foreclosure proceedings against the Subject Property. This is not the first time that plaintiff has brought a similar action against Nationstar, U.S. Bank, and related entities.

On February 5, 2014, plaintiff filed an adversary proceeding complaint in U.S. Bankruptcy Court against Nationstar and U.S. Bank as Trustee for Greenpoint Mortgage Funding Trust. Plaintiff asserted claims for declaratory relief, negligence, quasi contract,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
|---|---|---|---|
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

violation of 15 U.S.C. §§ 1692 et seq., violation of 12 U.S.C. § 2605, violation of the UCL, violation of the California Homeowner's Bill of Rights (HBOR), and accounting. On April 22, 2014, the Bankruptcy Court declined to exercise jurisdiction over plaintiff's claims.[2]

On April 25, 2014, plaintiff filed an action in San Bernardino Superior Court against Nationstar ("the State Court Action"). In his state court complaint, plaintiff asserted two causes of action for quiet title pursuant to California Civil Code § 760.020 and violation of the HBOR. Each of these causes of action challenged Nationstar's right to foreclose on the subject property. On August 15, 2014, plaintiff filed a First Amended Complaint ("FAC") in the State Court Action alleging the same causes of action as his original complaint. On September 12, 2014, Nationstar filed a demurrer to plaintiff's FAC, and on April 23, 2015, the demurrer was heard and sustained without leave to amend. On May 1, 2015, judgment was entered against plaintiff and in favor of Nationstar. On June 11, 2015, the State Court Action was dismissed with prejudice. Plaintiff did not timely appeal the dismissal of the State Court Action.[3]

On May 24, 2016 plaintiff filed an action (the "2016 Action") against Nationstar and Greenpoint Mortgage Funding in this Court, challenging Nationstar's right to foreclose on the Subject Property. See Pearson I, dkt. 1. On July 18, 2016, the Court dismissed with prejudice plaintiff's May 24, 2016 complaint as against Nationstar pursuant to the doctrine of res judicata. Pearson I, 2016 WL 3922626, at *5. The Court found that, in both the State Court and 2016 Actions, "plaintiff allege[d] that Nationstar lack[ed] the ability to enforce any interest under his Deed of Trust and thereby foreclose on the Subject Property" and both actions "raise[d] virtually the same facts, cite[d] and append[ed] the same mortgage documents, and involve[d] the same property." Id. On September 26, 2016, the Court denied plaintiff's motion for default judgment against Greenpoint because res judicata also barred plaintiff's claims against Greenpoint, which could have been raised in the State Court Action. Pearson I, 2016 WL 5496268, at *3. The Court thus dismissed plaintiff's claims against Greenpoint with prejudice. Id. at *6.

---

[2] These facts are set forth in the Court's prior order in Pearson v. Nationstar Mortg., LLC, No. 5:16-cv-01079-CAS-AJW, 2016 WL 5496268, at *2 (C.D. Cal. Sept. 26, 2016) ("Pearson I"), pursuant to judicially noticeable records.

[3] These facts are set forth in Pearson I, 2016 WL 5496268, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

On June 6, 2017, Nationstar and U.S. Bank, and First American filed motions to dismiss plaintiff's complaint in this action. Dkts. 11, 16.

On June 28, 2017, the Court dismissed plaintiff's complaint with prejudice. Dkt. 25 ("June Order"). The Court dismissed plaintiff's complaint on two bases. First, plaintiff failed to file an opposition, which had been due on June 19, 2017. Id. at 5; see C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Second, the Court concluded that plaintiff's claims were barred by the doctrine of res judicata because: "[(1)] [plaintiff's] claim[s] relate[] to the same 'primary right' as a claim in a prior action, [(2)] the prior judgment was final and on the merits, and [(3)] the plaintiff was a party or in privity with a party in the prior action." See Trujillo v. Santa Clara County, 775 F.2d 1359, 1366 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975)). As in the State Court Action *and* the 2016 Action, plaintiff again alleged in this action that defendants lack the ability to enforce any interest under his Deed of Trust and thereby foreclose on the Subject Property. Compl. at 20. Moreover, both the State Court Action, the 2016 Action, and the instant action raise virtually the same facts, cite and append the same mortgage documents, and involve the same property. Accordingly, the Court concluded that plaintiff's prior action and the instant action are derived from the same primary right. See Rodriguez v. Bank of New York, No. 13-cv-1830-GPC-BLM , 2014 WL 229274, at *6 (S.D. Cal. Jan. 17, 2014) ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right."). The Court found that the other two elements of res judicata were also satisfied. The State Court Action resulted in a final judgment dismissing the action with prejudice and the time to appeal has expired. See dkt. 13, Exs. 10, 12–13. Both the instant action and the prior state action named Nationstar as a defendant. Id., Ex. 10. The Court concluded that plaintiff's claims against U.S. Bank and First American "*could have been raised*" in the State Court Action, see Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Moreover, the Court found that Nationstar, U.S. Bank, and First American are in privity because they are in a mutual relationship with respect to the Subject Property because they received sequential assignments of the Deed of Trust ("DOT") for the Subject Property, and their respective interests in the DOT and Subject Property form the basis of this action. See June Order at 4 (collecting cases).

On June 30, 2017, plaintiff filed a motion to vacate the Court's judgment of dismissal. Dkt. 26 ("Vacate Mot."). Nationstar and U.S. Bank ("defendants") filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

opposition on July 10, 2017, dkt. 27 ("Opp'n to Vacate"), and plaintiff filed his reply on July 24, 2017, dkt. 32.

On July 10, 2017, defendants filed a motion for attorneys' fees, dkt. 28-1 ("Fees Mot."), along with a request for judicial notice, dkt. 29. On July 25, plaintiff filed an untimely opposition to defendants' motion, dkt. 33 ("Opp'n to Fees") and an opposition to defendants' request for judicial notice, dkt. 34. On July 31, 2017, defendants filed their reply. Dkt. 25 ("Fees Reply").

The Court heard oral argument on August 14, 2017 and defendant did not appear. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     MOTION TO VACATE

### A.     Legal Standards

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quotation marks omitted). A Rule 60(b) motion "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding" if the motion is based on (1) mistake inadvertence, surprise,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. |

or excusable neglect; (2) newly discovered evidence, or (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(c)(2).

Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact, Kingvision Pay–Per–View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999), or mistakes of law, Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982). However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion properly denied where it "presented no arguments that had not already been raised in opposition to summary judgment").

Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id.; see also United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999) ("A judgment is not void merely because it is erroneous." (quotation marks omitted)).

Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). Rule 60(b)(6) must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quotation marks omitted).

Under Central District of California Civil Local Rule 7-18,

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

See C.D. Cal. L.R. 7-18.

**B.     Discussion**

Plaintiff argues that the Court should vacate its dismissal of plaintiff's claims under Rule 60(b)(1), (b)(4), and (b)(6). Vacate Mot. at 5.

Plaintiff first contends that dismissal was improper because the Court denied him his right to file a first amended complaint pursuant to Federal Rule of Civil Procedure 15. Id. at 6. Plaintiff asserts that he did not file an opposition to Nationstar and U.S. Bank's and First American's motions to dismiss because "he had planned to file a First Amended Complaint, hereinafter referred to as FAC, to fix deficiencies in his complaint and add the additional cause of action for wrongful foreclosure, which occurred after the complaint was filed." Id. at 3. Plaintiff believed that "he had until June 30, 2017 to file a FAC." Id. Rule 15 provides:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Nationstar and U.S. Bank filed their motion to dismiss on June 6, 2017, see dkt. 11, and served plaintiff on June 5, 2017 by overnight mail, see dkt. 14. Twenty-one days after June 5, 2017 was Monday, June 26, 2017. First American filed its motion to dismiss on June 6, 2017 and served plaintiff on the same day by U.S. Mail. See dkt. 16. "[S]ervice is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C). Twenty-one days after June 6, 2017 was Tuesday, June 27, 2017. Thus, by the date of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
|---|---|---|---|
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

the Court's dismissal—June 28, 2017—21 days had passed and plaintiff had waived his right to amend his complaint as a matter of course. "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (holding that the district court did not abuse its discretion by granting an unopposed motion to dismiss under the local rule because the pro se litigant's failure to oppose constituted consent to granting the motion). The therefore Court concludes that plaintiff was not deprived of his right to file an amended complaint under Rule 15 and plaintiff is not entitled to relief from judgment on that basis.

     Second, plaintiff argues that dismissal should be vacated because the Court applied the doctrine of res judicata inappropriately. Vacate Mot. at 6. Plaintiff reaches this conclusion for three reasons: (1) plaintiff asserts "completely different" claims in his current case than he did in his prior action; (2) the statute of limitations for an FDCPA claim is one year and plaintiff's current FDCPA claim relies on alleged violations that occurred within the past 12 months; and (3) there is no privity between parties. See id. 6–14. Having carefully considered plaintiff's arguments, the Court finds that plaintiff has offered no basis for reconsideration of its res judicata determination. Plaintiff does not assert any change in fact or law that he could not have known at the time of the Court's decision, the emergence of new facts or a change of law since the Court's decision, or the Court's failure to consider material facts presented to the Court before its decision. See C.D. Cal. L.R. 7-18. Therefore, plaintiff is not entitled to reconsideration under the Local Rules. Furthermore, because plaintiff could have raised each of his arguments before the Court's decision, plaintiff is not entitled to relief under Rule 60(b)(1). Plaintiff does not allege a jurisdictional error that would make the Court's judgment void pursuant to Rule 60(b)(4). Finally, plaintiff fails to "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion[,]" Latshaw, 452 F.3d at 1103, and is therefore not entitled to relief pursuant to Rule 60(b)(6).

     Accordingly, the Court **DENIES** plaintiff's motion to vacate its judgment of dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

## III. MOTION FOR ATTORNEYS' FEES

### A. Whether Attorneys' Fees are Proper

#### 1. Legal Standard

Federal Rule of Civil Procedure 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." Id. at 1281 (quoting Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such award." Abrams, 50 F.3d at 1224.

When a district court "exercis[es] its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, 197 F.3d at 1281 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n.31 (1975)). California has codified the American Rule in Code of Civil Procedure Section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021; see Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143–44 (1998) (explaining that Section 1021 codifies the rule that "each party to a lawsuit must ordinarily pay his or her own attorney's fees"). The freedom to contract out of the American Rule is limited by Code of Civil Procedure Section 1717, which provides in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Proc. Code § 1717(a). "[S]ection 1717 was originally enacted to limit the ability of a dominant contracting party to provide for a right to attorney's fees on only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

one side of an agreement." Sears, 60 Cal. App. 4th at 1144. Accordingly, "[i]f the contract provides for fees at all, then the prevailing party may recover them, even if the contract purports to specify only one of the parties as eligible." 7 Witkin, California Procedure, Judgment § 165 (5th ed. 2008). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013).

Parties may also contractually agree to award attorneys' fees for tort actions, along with claims arising under contract. "There is nothing in [Section 1021] that limits its application to contract actions alone. It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1341 (1992). Whether an attorneys' fee provision applies to tort actions, in addition to contract claims, depends on the breadth of the attorneys' fees provision. See Johnson v. Siegel, 84 Cal. App. 4th 1087, 1101 (2000); Lerner v. Ward, 13 Cal. App. 4th 155, 160 (1993) ("[T]he clause in the contract concerning attorney fees was . . . not limited merely to an action on the contract, but to any action or proceeding arising out of the agreement. This included any action for fraud arising out of that agreement.").

**2. Discussion**

Defendants argue that they are entitled to an award of attorneys' fees in defense of plaintiff's claims because defendants are the prevailing parties in plaintiff's action, which was on a contract within the meaning of Section 1717(a), and the DOT and Note authorize attorneys' fees. See generally Fees Mot.

Defendants are prevailing parties because they are "the part[ies] in whose favor judgment is rendered," C.D. Cal. L.R. 54-1. Plaintiff argues that defendants did not prevail because he has moved to set aside the Court's dismissal and because he plans to appeal in the event the Court denies his motion. Opp'n to Fees at 3–4. However, "a defendant in whose favor a dismissal is entered" is a "prevailing party" under California law, Cal. Civ. Proc. Code § 1032(4). The Court further concludes that the attorneys' fees provision of the Note entitles defendants to a fee award. The Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

RJN, Ex. 9 ¶ 7(E). The contract thus "specifically provides that attorney's fees and costs . . . shall be awarded" because Pearson has been required to pay back his loan in full and defendants have expended costs to enforce the Note. See Cal. Civ. Proc. Code § 1717(a); Joseph v. Wachovia Mortg. Corp., No. 5:11-cv-02395-EJD, 2012 WL 714968, at *2 (N.D. Cal. Mar. 5, 2012) (awarding attorneys' fees in part on the basis of the provisions identical to paragraph 7(E) of the Note); Boring v. Nationstar Mortg., LLC, No. 2:13-cv-01404-GEB-CMK, 2016 WL 3192586, at *2 (E.D. Cal. June 9, 2016) (same).

Section 1717 applies only in an action "on the contract" or to enforce the contract containing a prevailing party attorney's fees provision. "California courts construe the term 'on a contract' liberally. As long as the action involve[s] a contract it is 'on [the] contract' within the meaning of section 1717. Turner v. Schultz, 175 Cal. App. 4th 974, 979–80 (2009) (quotation marks omitted). "Defendants may also recover fees for work performed on non-contract claims that is inextricably intertwined with that done on contract claims." Bonner v. Redwood Mortg. Corp., No. 10-cv-00479-WHA, 2010 WL 2528962, at *3 (N.D. Cal. June 18, 2010). The Court finds that plaintiff's action is on a contract because, inter alia: plaintiff claims that defendants cannot enforce the DOT or the Note to foreclose on the Subject Property or collect payments on the loan, see Compl. 8, 13; plaintiff seeks to cancel the DOT and all related instruments, id at 19; and plaintiff requests that the Court "remove any instrument" that clouds plaintiff's title and declare that defendants lack legally cognizable rights to the Subject Property and plaintiff's debt, id. at 23. See Abdullah v. United Savings Bank, 43 Cal. App. 4th 1101, 1111(1996) ("For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against 'interrelated' allegations of fraud."); Ng v. U.S. Bank, NA, No. 15-cv-04998-KAW, 2016 WL 6995884, at *4 (N.D. Cal. Nov. 30, 2016) ("Plaintiff's claims directly challenged Defendants' ability to enforce the note and deed of trust, both by claiming that Defendants did not have the authority to enforce the documents and by seeking to rescind the documents entirely. Therefore, Civil Code § 1717 applies in this case, and Defendants are entitled to recovery of their attorney's fees."); Bonner, 2010 WL 2528962, at *3 (awarding fees on fraudulent misrepresentation, unjust enrichment, conspiracy, quiet title, § 17200, usury, predatory lending, privacy and emotional distress claims "[g]iven their significant relation to the parties' mortgage contract"); Rivera v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

Wachovia Bank, 2009 WL 3423743, at *2 (S.D. Cal. 2009) (mortgage case awarding fees on claims for declaratory relief, fraud, breach of covenant, breach of contract, quiet title, unfair business practices and conspiracy because they were all "either based directly on the contract, require predicate acts based on the contract, or relate to the formation of the contract"); Siligo v. Castellucci, 21 Cal. App. 4th 873, 878 (1994) ("California law is settled that an obligation to pay attorney[s'] fees incurred in the enforcement of a contract includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation." (quotation marks omitted)).

Plaintiff primarily opposes defendants' motion for attorneys' fees by arguing that the Court improperly dismissed his action based on the doctrine res judicata and by arguing the merits of his underlying claims. Opp'n to Fees at 5-12. As the Court has described above, plaintiff has offered no basis for reconsideration of its res judicata determination. Accordingly, the Court concludes that defendants are entitled to recover reasonable costs and attorneys' fees that they incurred in defending against plaintiff's claims.

### B. Amount of Attorneys' Fees

#### 1. Legal Standard

To determine reasonable attorneys' fees, the starting point is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433. This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Id. Once the fee applicant has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992). All hours that are not reasonably expended, or that are excessive or redundant, should be excluded. Hensley, 461 U.S. at 434. "[T]here is a strong presumption that the lodestar represents a reasonable fee." Gates, 987 F.2d at 1397.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 5:17-cv-00949-CAS(AJW) | | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | | |

1145, 1149 n. 4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar based on the factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These twelve factors are not disputed here and defendants' attorneys do not seek a multiplier.

## 2. Discussion

Defendants request that the Court award $14,660 in attorneys' fees. See Fees Reply 5.

Defendants were represented by two attorneys, Howard D. Hall and Robert J. Im. See dkt. 35-1, Second Decl. of Robert J. Im ("Im Decl. II") ¶ 2. Hall is the managing partner of Green & Hall, LLP and charged $325 per hour for work performed on this matter. Id. ¶ 4. Im is a third-year attorney and charged $225 per hour for performed on this matter. Id. ¶ 5.

A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008)

After reviewing awards in similar cases, the Court concludes that the hourly rates defendants' counsel seeks are reasonable for this case. See, e.g., Gustafson v. U.S. Bank, No. 13-cv-5916-PSG-SH, 2014 WL 302242, at *5 (C.D. Cal. Jan. 27, 2014) ("In general, California courts accept as reasonable hourly rates between $200 and $225 for attorneys with *one year* of experience in defending lenders and mortgage services against similar mortgage related actions as here."); Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of California, No. 12-cv-1071-WBS-GGH, 2012 WL 3638506, at *10 (E.D. Cal. Aug. 22, 2012) (finding $580 per hour a reasonable fee for a partner in the Los Angeles community).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00949-CAS(AJW) | Date | August 14, 2017 |
| Title | MARTIN PEARSON v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

Defendants' attorneys provided detailed time sheets indicating that they have spent a total of 58.9 hours defending this action. See dkt. 28-2, Ex. A; dkt. 35-1, Exs. B, C. In addition, defendants request fees for Im's anticipated work, including 1.5 hours preparing for the hearing on August 14, 2017 and four hours for attending the hearing and travel to and from Orange County. Im Decl. II ¶ 7. The requested attorneys' fees break down as follows:

| Attorney | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Howard D. Hall | $325.00 | 1.7 | $552.50 |
| Robert J. Im | $225.00 | 57.2 | $12,870.00 |
| Anticipated Work of Robert J. Im | $225.00 | 5.5 | $1,237.50 |
| **TOTAL** | | 64.4 | $14,660.00 |

After reviewing the documents and noting no objection from plaintiff, the Court finds the hours billed and anticipated to be presumptively reasonable and finds no need to exclude any of the reported hours as "excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Accordingly, the Court awards fees in the amount of $14,660.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion for attorneys' fees. Defendants are entitled to $14,660 in attorneys' fees from plaintiff. Plaintiff shall have **forty-five (45) days** to comply with this order.

IT IS SO ORDERED.

|   |   |
|---|---|
|   | 00  :  02 |
| Initials of Preparer | CMJ |